Filed 10/8/13  P. v. Craven CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

**(Amador)**

----

| | |
|---|---|
| THE PEOPLE, | C072788 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CR19761-01) |
| v. | |
| DONALD ANTHONY CRAVEN, | |
| Defendant and Appellant. | |

Following a plea of guilty to first degree burglary, the trial court sentenced defendant Donald Anthony Craven to a stipulated term of four years in state prison. Appointed counsel for defendant has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we affirm the judgment.

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTUAL BACKGROUND

Because this matter was resolved by plea, the facts are taken from the stipulated factual basis.

Defendant entered Sara Boehme's vehicle and took her garage door opener.  He used the opener to open the garage door of her home and then took items from it.  The garage was attached to Boehme's home and Boehme was in the home at the time.

A complaint charged defendant with first degree burglary with a person present, a serious and violent felony (Pen. Code, § 459),[2] second degree burglary of a vehicle (§ 459), receiving stolen property (§ 496, subd. (a)), three counts of petty theft with three prior theft convictions (§ 666, subd. (a)), and possession of burglar's tools (§ 466).  The complaint also alleged defendant had served two prior prison terms (§ 667.5, subd. (b)).  Defendant pleaded guilty to first degree burglary, admitting it was a serious and violent felony.  Both the prosecutor and defense attorney also stipulated the burglary was a serious and violent felony.  The trial court dismissed the remaining counts with a *Harvey*[3] waiver applicable to restitution.  The parties agreed to a stipulated prison term of four years.

The trial court sentenced defendant to the midterm of four years and ordered defendant to pay a $960 restitution fund fine, $33 in direct victim restitution, a $63.50 booking fee, a $40 court security fee, and a $30 criminal conviction assessment.  The trial court also awarded defendant 132 days of presentence custody credit, 115 actual days of

---

[2]  Undesignated statutory references are to the Penal Code.

[3]  *People v. Harvey* (1979) 25 Cal.3d 754.

credit and 17 days of good time/work credit.  The trial court granted defendant's certificate of probable cause challenging the calculation of his credits, claiming the offense was a serious but not violent felony.  (§ 1237.5.)

Pursuant to the probation report, the court sentenced defendant in accordance with the standard formula in section 2933.1, which applies a 15 percent credit to defendant's 115 days in presentence custody for a conduct credit of 17 days.  Although the court did not state on the record that this calculation was pursuant to section 2933.1, and the abstract fails to indicate which section was applied, this is the correct calculation in light of defendant's crime.  We instruct the trial court to prepare a corrected abstract of judgment that indicates local conduct credits were applied pursuant to section 2933.1.

We appointed counsel to represent defendant on appeal.  We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court shall prepare a corrected abstract of judgment that notes the calculation of conduct credits was pursuant to section 2933.1 (item No. 14).  The judgment is affirmed.  A certified copy of the corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.

                                             BUTZ                    , J.


We concur:


            ROBIE                    , Acting P. J.


            HOCH                    , J.


3